**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| WALDO J. MORET, JR, CLYDE M. HUNTER, AND SHIKEEMA L. JONES, | ) ) ) | CAUSE NO.: 26-cv-01636 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JUDGE: VANCE |
| BRUNO & TERVALON, LLP, JONALD WALKER, III, and STERLING-WALKER ENTERPRISES, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**[*PROPOSED*] TEMPORARY RESTRAINING ORDER AND
ORDER FOR CIVIL SEQUESTRATION**

This matter comes before the Court on the Emergency Motion of Plaintiffs Waldo J. Moret, Jr., Clyde M. Hunter, and Shikeema L. Jones, ("Plaintiffs"), for a Temporary Restraining Order, Preliminary Injunction, and Writ of Civil Sequestration, pursuant to Federal Rule of Civil Procedure 65, Federal Rule of Civil Procedure 64, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3).

The Court, having reviewed the Complaint, the Emergency Motion, the Memorandum in Support, the Affidavit of Waldo J. Moret, Jr., and the accompanying exhibits, and being fully advised in the matter, finds that Plaintiffs' application for an emergency Temporary Restraining Order and Writ of Civil Sequestration should be and hereby is GRANTED.

## I. COURT FINDINGS AND DECLARATIONS

In support of this Order, the Court makes the following specific findings of fact and legal conclusions:

1.      The Plaintiffs have demonstrated a substantial likelihood of success on the merits of his ERISA claims against Defendants Bruno & Tervalon, LLP, Jonald Walker, III, and

Sterling-Walker Enterprises, LLC. The evidence submitted shows that Defendant Jonald Walker, III, acting as Plan Administrator and co-fiduciary of the Bruno & Tervalon, LLP 401(k) Profit Sharing Plan, liquidated and withdrew Plaintiffs' entire retirement account balances of $1,228,102.48 from John Hancock without Plaintiffs' consent, and subsequently routed these Plan trust assets into Bruno & Tervalon, LLP's checking account ending in 8559 at Hancock Whitney Bank, where the funds were dispersed to personal accounts and used to pay off unrelated debts and personal liabilities.

2.    Plaintiffs have established they will suffer immediate, severe, and irreparable injury, loss, or damage if the Court does not grant this emergency order freezing and sequestering the traceable Plan assets. Specifically, the records indicate that on November 25 and 26, 2025, two $500,000.00 wire transfers were sent from the Bruno & Tervalon, LLP checking account (No. 62885859) directly to a personal brokerage account at National Financial Services, LLC (Account No. 065400153) for the further credit of Sterling-Walker Enterprises, LLC, an entity controlled by Defendant Jonald Walker, III, and his wife. On December 2 – 3, 2025, Jonald Walker caused checks for $200,000.00 to be transferred from the Bruno & Tervalon, LLP checking account to his personal Capital One account.

Absent an immediate freeze on this specifically identifiable brokerage account, there is an imminent threat that the remaining Plan assets will be permanently dissipated. Once trust funds are completely dissipated on general, nontraceable items, a plaintiff's equitable lien under ERISA § 502(a)(3) may be extinguished. The dissipation of these specific assets could destroy Plaintiffs' remedies as a matter of law, constituting clear and irreparable harm.

3.    The balance of equities is in Plaintiffs' favor. Freezing and sequestering these traceable trust assets preserves the status quo and prevents the unlawful transfer of stolen

retirement money in which Defendants have no colorable, legitimate beneficial interest. Denying the freeze would cause serious and permanent financial harm to Plaintiffs, who have been deprived of their retirement savings.

4.      The public interest is directly served by the issuance of this order. Congress has declared a public policy interest in protecting the retirement security of American workers and enforcing the strict fiduciary duties of loyalty and prudence under ERISA. Preserving the integrity of Plan trust assets and preventing fiduciary self-dealing and fraud are goals of federal employee benefits law.

## II. TEMPORARY RESTRAINING ORDER AND ASSET FREEZE

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Emergency Motion for a Temporary Restraining Order is GRANTED. Defendants Jonald Walker, III, Bruno & Tervalon, LLP, and Sterling-Walker Enterprises, LLC, and their officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with them who receive actual notice of this Order, are hereby ENJOINED and RESTRAINED from directly or indirectly transferring, selling, pledging, liquidating, withdrawing, encumbering, dissipating, or otherwise disposing of any funds, assets, or property currently held in, or subsequently deposited into, the following accounts, up to the total amount of $1,228,102.48 (representing Plaintiffs' liquidated 401(k) retirement principal:

| Institution | Account | Action Ordered |
| --- | --- | --- |
| National Financial Services, LLC (Sterling-Walker Enterprises, LLC) | Account No. 065400153 | Freeze and Sequester |
| Hancock Whitney Bank (Bruno & Tervalon, LLP) | Account No. 62885859 | Freeze |
| Hancock Whitney Bank (Jonald Walker, III) | Account in Name of "Jonald Walker, III" | Freeze |
| Capital One, NA Bank (Jonald Walker, III) | Account No. 065000090, in Name of "Jonald Walker, III" | Freeze |

IT IS FURTHER ORDERED that National Financial Services, LLC, Hancock Whitney Bank, and Capital One, NA Bank, upon receiving service of a copy of this Order, shall immediately locate, identify, and freeze all funds and assets held in the accounts specified above, including any sub-accounts, certificates of deposit, or other instruments associated with the named entities, and prevent any withdrawals, transfers, or disbursements therefrom up to the sum of $1,228,102.48, pending further order of this Court.

## III. WRIT OF CIVIL SEQUESTRATION

IT IS FURTHER ORDERED that Plaintiff's petition for a Writ of Civil Sequestration pursuant to Federal Rule of Civil Procedure 64 and Louisiana Code of Civil Procedure article 3571 is hereby GRANTED. It is within the power of this Court, acting in equity, to seize and secure specifically identifiable trust property during the pendency of a suit to prevent its destruction or flight. Accordingly, the United States Marshals Service is hereby AUTHORIZED and DIRECTED to take all necessary and appropriate steps to physically seize, sequester, and secure the funds up to the amount of $1,000,000.00 currently held in the National Financial Services, LLC brokerage account ending in 0153 under the name of Sterling-Walker Enterprises, LLC, and to deposit said sequestered funds into the Registry of this Court, to be held in an interest-bearing escrow account subject to the sole direction of this Court.

## IV. WAIVER OF SECURITY BOND REQUIREMENT

IT IS FURTHER ORDERED that the security bond requirement of Federal Rule of Civil Procedure 65(c) is hereby WAIVED, and the bond is set at **$0.00**. The Court finds that requiring Plaintiff to post a substantial cash bond would impose an unjust financial hardship upon a victims of fiduciary fraud. Furthermore, because the assets to be frozen and sequestered are

traceable trust funds in which the Defendants have no lawful claim of ownership, there is no risk of legitimate financial damage or legal injury to the Defendants that would require security.

### V. SERVICE AND DURATION OF ORDER

IT IS FURTHER ORDERED that a copy of this Temporary Restraining Order, the Complaint, and the Emergency Motion shall be served immediately upon the Defendants and the financial institutions named herein by the United States Marshals Service or by any person authorized to make service under FRCP 4. Due to the emergency nature of this order, service by electronic mail, facsimile, or overnight courier shall be deemed sufficient and effective service upon all parties and non-party garnishees.

This Temporary Restraining Order shall expire fourteen (14) days from the date of its issuance below, unless before that time the Court, for good cause shown, extends it for a like period or the Defendants consent to a longer extension.

ISSUED in New Orleans, Louisiana, this _____ day of July, 2026, at _____ AM/PM.


_____
HONORABLE SARAH S. VANCE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF LOUISIANA