# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WALDO J. MORET, JR, CLYDE M. HUNTER, AND SHIKEEMA L. JONES,<br><br>Plaintiffs,<br>v.<br><br>BRUNO & TERVALON, LLP, JONALD WALKER, III, and STERLING-WALKER ENTERPRISES, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CAUSE NO.: 26-cv-01636<br><br>   JUDGE: BARBIER |

## PLAINTIFFS' MOTION FOR A WRIT OF CIVIL SEQUESTRATION

Plaintiffs Waldo J. Moret, Jr., Clyde M. Hunter, and Shikeema L. Jones, ("Plaintiffs"), by and through his undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 64, which incorporates the provisional remedies of Louisiana as the forum state, specifically La. C.C.P. art. 3571. Plaintiffs further seek relief under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1132(a)(3) to preserve and recover specifically identifiable plan assets that have been converted and misappropriated by a fiduciary.

Plaintiffs seek a writ of physical seizure of all funds, up to $1,228,102.48, currently held in four accounts:

| National Financial Services, LLC (Sterling-Walker Enterprises, LLC) | Account No. 065400153, of accounts in name of "Sterling-Walker Enterprises, LLC" |
|---|---|
| Hancock Whitney Bank (Bruno & Tervalon, LLP) | Account No. 62885859 |
| Hancock Whitney Bank (Jonald Walker, III) | Accounts in Name of "Jonald Walker, III" |
| Capital One, NA Bank (Jonald Walker, III) | Accounts in Name of "Jonald Walker, III" |

1

The above listed accounts are in the name of, or for the benefit of, Defendants Jonald Walker, III and/or Sterling-Walker Enterprises, LLC, where indicated, and represent Plaintiffs' converted and stolen retirement trust assets. As set forth in plaintiffs' Motion for Temporary Restraining Order (R. Doc. 7), and the Verification of Waldo J. Moret and supporting exhibits. (R. Doc. 7-2), the funds subject to this sequestration are identifiable plan assets misappropriated by the defendants in this case, as follows:

1. In November 2025, Defendant Jonald Walker, III, acting as the Plan Administrator of the Bruno & Tervalon CPAs 401(k) Profit Sharing Plan, unlawfully liquidated Plaintiffs' entire retirement account—containing $1,142,421.84 for Waldo Moret, $68,427.70 for Clyde Hunter, and $17,252.94 for Shikeema Jones, for a total of $1,228,102.48 belonging to plaintiffs—without Plaintiffs' knowledge, authorization, or consent.

2. Walker directed John Hancock to transfer these retirement assets to a standard corporate operating checking account at Hancock Whitney Bank (Account No. 62885859). Within days of receiving the transfer, Walker began dispersing the funds to pay himself, as well as personal and corporate liabilities. On November 25, 2025, Walker executed an outgoing wire of $500,000.00 from the Whitney operating account directly to National Financial Services, LLC, specifically designated for the "further credit of" Sterling-Walker Enterprises, LLC, a corporate entity solely controlled by Walker and his wife.

3. On November 26, 2025, Jonald Walker caused another $500,000 of the plaintiffs' retirement money to be wired to national financial services to further credit of Sterling Walker Enterprises. On December 2, 2025, Jonald Walker caused another $100,000 of plaintiffs' retirement money to be transferred by check to his Personal Capital One account. On December 3, 2025, Jonald Walker caused another $100,000 of plaintiffs' retirement money to be transferred by check to his Personal Capital One account, and $50,000 of plaintiffs' retirement money to be transferred by check to his Personal Hancock Whitney account.

1. **Civil Sequestration of the Brokerage Account and Bank Accounts is Authorized Under FRCP 64 and Louisiana Law.**

The funds in the referenced accounts what are traceable plan assets subject to civil sequestration. On that basis, Plaintiffs request the Court order the immediate sequestration of the brokerage account maintained by Defendant Sterling-Walker Enterprises, LLC, and personal and

2

corporate bank accounts identify below that presently contain identifiable assets traceable to the misappropriated assets of the Plan.

| National Financial Services, LLC (Sterling-Walker Enterprises, LLC) | Account No. 065400153, of accounts in name of "Sterling-Walker Enterprises, LLC" |
|---|---|
| Hancock Whitney Bank (Bruno & Tervalon, LLP) | Account No. 62885859 |
| Hancock Whitney Bank (Jonald Walker, III) | Account(s) in Name of "Jonald Walker, III" |
| Capital One, NA Bank (Jonald Walker, III) | Account(s) in Name of "Jonald Walker, III" |

The evidence establishes a substantial likelihood that Defendants unlawfully diverted approximately $1,250,000 in ERISA plan assets into the account, where those funds remain subject to dissipation, transfer, or concealment absent immediate judicial intervention.

ERISA expressly authorizes fiduciaries to seek appropriate equitable relief to enforce the statute and the terms of the Plan. 29 U.S.C. § 1132(a)(3). Federal Rule of Civil Procedure 64 permits a federal court to employ available state-law prejudgment remedies, including sequestration where authorized by state law, to secure property that is the subject of the litigation. Under Louisiana Code of Civil Procedure Article 3571, a writ of sequestration may issue when the plaintiff claims the ownership or right to possession of property, or a mortgage, lien, or privilege thereon, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish during the pendency of the action. Here, Plaintiffs have a direct, equitable property right in $1,000,000.00 currently held at National Financial Services, LLC (the clearing broker for Fidelity Brokerage Services), and $200,000.00 held in defendant's Capital One account, and $28,102.48 held in defendant's Hancock Whitney Bank account.

3

Because the accounts contain specific, identifiable property that rightfully belongs to the Plan, Plaintiffs seek to preserve the money at issue in this action pending final adjudication. The requested sequestration is necessary to prevent irreparable harm by ensuring that the misappropriated Plan assets remain available for restoration to the Plan pursuant to 29 U.S.C. § 1109(a), and the balance of equities overwhelmingly favors preserving those assets over permitting Defendant to further dissipate funds held in violation of ERISA's fiduciary obligations.

Because this money represents highly liquid assets that can be wired or spent in a matter of seconds, it is entirely within Defendants' power to conceal, dispose of, or waste the property. Consequently, all statutory criteria for civil sequestration under Louisiana law are fully satisfied.

## 2.  Conclusion.

Plaintiffs respectfully request this Court grant their Motion for Writ of Civil Sequestration to sequester $1,228,102.48 in Plan trust assets currently held by National Financial Services, LLC, Capital One Bank, and Hancock Whitney Bank for the benefit of the defendants, and imposing a constructive trust over these traceable funds to protect them from nontraceable dissipation, and to waive the security bond requirement in light of the Defendants' clear and egregious fiduciary fraud.

Respectfully submitted,

**SLATER SLATER SCHULMAN, LLP**

*/s/ Daniel A. Meyer*

Daniel A. Meyer (La. Bar No. 33278)
Justin Lacour (La. Bar No. 34626)
6023 Magazine Street
New Orleans, Louisiana 70118
Telephone: (504) 334-8522
Facsimile: (212) 922-0907
dmeyer@sssfirm.com

4

5

*Counsel for Plaintiffs*

5